**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| CHOCOLATES BY BERNARD, LLC, *et al.*, | |
| Plaintiffs, | 2:10-cv-01298 JWS |
| vs. | ORDER AND OPINION |
| CHOCOLATERIE BERNARD CALLEBAUT LTD., *et al.*, | [Re: Motion at docket 50; Objection at docket 67] |
| Defendants. | |

### **I. MATTERS PRESENTED**

At docket 50 defendants Bernard Callebaut and Francesca Callebaut (collectively "Defendants") move for summary judgment. At docket 61, plaintiffs Chocolates by Bernard, LLC and Murray Kuzek (collectively "Plaintiffs") oppose the motion. Defendants reply at docket 66. At docket 67, Defendants object to some of the facts set out in Plaintiff's Statement of Facts at docket 62. Oral argument was heard on July 10, 2013.

**II. BACKGROUND**

Plaintiffs' complaint was filed in state court on March 15, 2010, and timely removed to this court based on diversity of citizenship. The original complaint named the following entities and persons as defendants: Chocolaterie Bernard Callebaut Ltd. (hereinafter "CBC"); Chocolates by Bernard Callebaut Ltd.; Bernard C. Chocolates Ltd.; The Chocolate Man; Bernard Callebaut; and Francesca Callebaut.[1] The same defendants were named in the Amended Complaint.[2] Subsequently, based on Plaintiffs' motion for voluntary dismissal, the court dismissed the claims against defendants Chocolates by Bernard Callebaut Ltd., Bernard C. Chocolates Ltd., and The Chocolate Man,[3] leaving three named defendants: CBC, Bernard Callebaut, and Francesca Callebaut. CBC is protected by a bankruptcy stay issued by a Canadian court. As a result, proceedings in this case are stayed as to CBC. The case is proceeding solely against Defendants.

Five claims are pled in the Amended Complaint. The first for breach of contract and the third for violation of certain statutes are directed solely at CBC.[4] These claims are not involved in the motion under consideration.

The second claim is directed at Defendants and asserts that they intentionally interfered with Plaintiffs' attempts to secure two separate prospective contracts with

---

[1] Doc. 1-3 at pp. 7-21.

[2] Doc. 31.

[3] Doc. 41.

[4] Doc. 31 at pp. 5-6 and 8.

2

third parties.[5] The first interference was accomplished by various acts, all of which took place prior to May 1, 2007.[6] The second interference was accomplished by various other acts all of which took place prior to September 1, 2007.[7]

The fourth claim is one for intentional infliction of emotional distress suffered by plaintiff Kuzek based on the allegation that Defendants caused CBC to wrongfully refuse to ship chocolate products to plaintiff Chocolates by Bernard LLC. Refusing to ship products caused Chocolates by Bernard LLC to go out of business, resulting in Kuzek's inability to continue working in the United States.

The fifth claim alleges that Defendants, as well as CBC, are liable for CBC's violation of the covenant of good faith and fair dealing contained in the franchise agreement pursuant to which CBC licensed Chocolates by Bernard to distribute CBC products.

### III. STANDARD OF REVIEW

Defendants have called their motion a motion for summary judgment. However, in their reply memo, Defendants explain that their "right to summary judgment rests entirely on the allegations in Plaintiffs' First Amended Complaint."[8] This is entirely consistent with the argument in Defendants' initial motion papers. The statement also shed light on Defendants' failure to file the separate statement of facts in support of the motion which Arizona's local rules require whenever a party moves for summary

---

[5]*Id.* at pp. 6-8.

[6]*Id.*

[7]*Id.*

[8]Doc. 66 at p. 3.

judgment.[8] The court concludes that the pending motion is actually a motion for judgment on the pleadings, rather than a motion for summary judgment. That being so, the court will not consider the plaintiff's statement of facts at docket 62 or the declaration of Murray Kuzek at docket 62-1. This decision renders the objection by Defendants at docket 67 moot.

A motion for judgment on the pleadings is the subject of Rule 12(c), not Rule 56. The court will apply the standard of review applicable to motions brought pursuant to Rule 12(c). "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."[9] Because "Rules 12(b)(6) and 12(c) are substantially identical,"[10] a motion for judgment on the pleadings is assessed under the standard applicable to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6).[11] Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[12] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

---

[8]LRCiv 56.1(a).

[9]Fed. R. Civ. P. 12(c).

[10]*Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005).

[11]*See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

[12]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

4

cognizable legal theory."[13] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[14]

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[17] "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[18] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[19]

In ruling on a Rule 12(c) motion, then, a court must "determine whether the facts alleged in the complaint, . . . taken . . . as true, entitle the plaintiff to a legal remedy."[20] "If the complaint fails to articulate a legally sufficient claim, the complaint should be

---

[13] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[14] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[15] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[16] *Id.*

[17] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[18] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[19] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[20] *Strigliabotti*, 398 F. Supp. 2d at 1097.

dismissed or judgment granted on the pleadings."[21]  A Rule 12(c) motion is thus properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.

## IV.  DISCUSSION

Defendants motion is premised in part on the argument that Plaintiffs' claims against them are untimely.  Defendants contend that the relevant statute of limitation with respect to all of the claims pled against them is the two-year statute set out in A.R.S. § 12-542.  Plaintiffs do not contend otherwise.   With respect to the second claim for relief relating to intentional interference with contractual relations, it is clear from the Amended Complaint that the claim accrued more than two years prior to the filing of the lawsuit.  Furthermore, the court agrees with the parties that the two-year statute of limitation applies to this claim.  Defendants are entitled to dismissal of the second claim.

The fourth and fifth claims relate to CBC's refusal to ship chocolate goods to Chocolates by Bernard LLC.  As the Amended Complaint makes clear, these refusals took place following an order for chocolates placed on April 8, 2008, and a second order placed on May 10, 2008.[22]  Assuming that the two-year statute of limitation would apply to these claims, they are  timely, because the complaint was filed less than two years after the underlying events in April and May of 2008.

Defendants also attempt to avoid liability on the fourth claim on the basis that "the members of a partnership are generally *not* liable for the partnership's obligations,

---

[21]*Id.*

[22]Doc. 31 at ¶¶ 22-25.

and are not proper parties to such a lawsuit [when the partnership is a limited liability partnership]. *See* A.R.S. §§ 29-1026(C) and 29-1027(F)."[23] However, the record does not establish that CBC is a limited liability partnership. In the amended complaint, Plaintiffs allege that CBC is a corporation.[24] In their answer, Defendants refused to respond to that allegation.[25] Defendants' argument about limited liability partnerships therefor misses the mark.

Finally, as to the fourth claim Defendants contend that Plaintiffs have no evidence to support a claim of intentional infliction of emotional distress. As the court sees it, the question is whether the fourth claim is sufficiently pled to survive scrutiny under Rule 12(c). It is useful to begin with a description of the elements of a claim for intentional infliction of emotional distress under Arizona law.

> The three required elements are: *first*, the conduct by the defendant must be "extreme" and "outrageous;" *second*, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and *third*, severe emotional distress must indeed occur as a result of defendant's conduct.[26]

Arizona courts have discussed what kind of conduct rises to the necessary level of extreme and outrageous conduct. The bar is quite high. The Arizona Supreme Court expressly approved a Restatement (Second) Torts comment describing the kind of conduct which qualifies:

---

[23]Doc. 50 at p. 6.

[24]Doc. 31 at ¶ 3.

[25]Doc. 36.

[26]*Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987).

7

where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community . . . in which . . . an average member of the community would . . . exclaim, "Outrageous!"[27]

Arizona case law illustrates the principle. An employer's refusal to transfer a female employee to protect her from severe and repeated sexual harassment by her supervisor was extreme and outrageous.[28] Yet, other wrongful conduct is often insufficient. In *Cluff v. Farmers Ins. Exchange*,[29] plaintiff's complaint sought damages for intentional infliction of emotional distress. The complaint alleged that an insurance adjuster attempting to settle a wrongful death claim repeatedly made threats and arguments falsely and maliciously to the mother of the dead child. In addition, the complaint alleged that the adjuster warned the mother not to hire an attorney. After three months of enduring the adjusters threats and cajolery, the mother obtained an attorney who expressly advised the adjuster not to talk to the mother. Nevertheless, the adjuster contacted the mother again. He told her the most she would get was what the insurance company was offering, that if she took the case to court she risked getting nothing, and her attorney probably could not win the case. The complaint alleged that all of this was done wilfully, intentionally, and maliciously. The trial court dismissed the mother's complaint, and the appellate court affirmed.

---

[27]*Id.* (quoting Restatement (Second) Torts § 46 comment (1965)).

[28]*Ford*, 734 P.2d at 581-85.

[29]460 P.2d 666 (Ariz. Ct. App. 1969), *overruled on other grounds by Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781 (1989).

The *Cluff* court explained that even when a defendant acts wilfully, intentionally, and maliciously against a plaintiff it is the court's duty "in the first instance, as society's conscience, to determine whether the acts complained of can be considered as extreme and outrageous conduct in order to state a claim for relief."[30] The appellate court noted that while the adjuster's actions were unethical the conduct alleged was not "extreme or outrageous in the context of general social acceptability."[31]

In *Mintz v. Bell Atlantic Sys. Leasing Int'l, Inc.,*[32] Mintz sued her employer for failing to promote her and included a claim for intentional infliction of emotional distress. When she was passed over for promotion in favor of a male co-worker for the second time, Mintz was hospitalized because she was experiencing severe emotional and psychological problems. A few months later, the employer terminated Mintz's disability benefits and ordered her back to work even though it knew her physician held the opinion that she should not return to work. Before she left the hospital, the employer delivered a letter to her advising her job had been given to another. The appellate court affirmed dismissal of the claim for intentional infliction of emotional distress on the grounds that the employer's conduct was not extreme and outrageous. The court went on to note that it is very rare to see conduct in the employment context which rises to a level of extreme and outrageous conduct sufficient to support a claim for intentional infliction of emotional distress.[33]

---

[30] *Cluff*, 460 P.2d at 668.

[31] *Id.* at 669.

[32] 905 P.2d 559 (Ariz. Ct. App. 1995).

[33] *Mintz*, 905 P.2d at 563.

Here, Plaintiffs' fourth claim alleges that Kuzek is a Canadian citizen and that Defendants knew he was able to work in the United States only because he had a visa to work at Chocolates by Bernard LLC in Arizona.[34] It goes on to allege that Defendants intentionally directed CBC operations and that by "unreasonably refusing to ship CBC LTD products"[35] they forced closure of Chocolates by Bernard LLC, which in turn caused Kuzek to lose the ability to work in the United States.[36]

The conduct alleged in the Fourth Claim does not meet the test articulated by the Arizona Supreme court by being "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[37] The conduct may have involved a breach of contract, but it cannot clear the high bar Arizona law has established for the first element of a claim of intentional infliction of emotional distress. Indeed, the conduct alleged in the fourth claim is less reprehensible than the conduct alleged in *Cluff* and *Mintz.* The fourth claim will be dismissed.

The covenant of good faith and fair dealing is generally implied in all contracts in Arizona.[38] Neither party contends that the law of some other jurisdiction should apply to the franchise agreement. The court concludes that there is such a covenant implied in the franchise agreement. However, as Defendants point out, they are not parties to any

---

[34] Doc. 31 at ¶¶ 65 and 66.

[35] *Id.* at ¶ 67.

[36] *Id.* at ¶¶ 68-69.

[37] *Ford*, 734 P.2d at 585.

[38] *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986).

contract with either of the Plaintiffs, and thus, there is no contractual relationship between Plaintiffs and Defendants. Without a contractual relationship, there is no duty to act in good faith,[39] and thus, Defendants could not have breached such a duty. Plaintiffs do not cite and the court did not locate any case law to illustrate how the duty to act in good faith can be breached absent a contractual relationship with the plaintiff. Plaintiffs' claim against Defendants for a breach of the implied covenant of good faith and fair dealing will be dismissed.

## V. CONCLUSION

Based on the preceding discussion, Defendants' motion at docket 50, which the court has treated as a motion for judgment on the pleadings pursuant to Rule 12(c), is **GRANTED**. Plaintiff's second, fourth, and fifth claims are dismissed. In addition, the Defendants objection at docket 67 is **DENIED as moot**.

Plaintiffs' motion to amend their complaint at docket 65 has yet to be fully briefed and remains to be decided.

DATED this 11th day of July 2013.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[39] *Id.* ("The duty [to act in good faith] arises by virtue of a contractual relationship.").