UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CHOCOLATES BY BERNARD, LLC, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | 2:10-cv-1298 JWS |
| vs. | ) ) | ORDER AND OPINION |
| CHOCOLATERIE BERNARD CALLEBAUT LTD., *et al.*, | ) ) ) | [Re:  Motion at docket 65; Order for Entry of Judgment; and Order to Show Cause] |
| Defendants. | ) ) ) | |

## I.  MATTERS PRESENTED

At docket 65 plaintiffs Chocolates by Bernard, LLC, and Murray Kuzek ("Plaintiffs") move to amend their Complaint.  Defendants Bernard Callebaut and Francesca Callebaut respond at docket 72.  The court gave Plaintiffs an extension of time in which to reply, but no reply has been filed.  Oral argument was not requested and would not be of assistance to the court.

Because the court will deny the motion to amend, it is also necessary to consider further actions necessary to terminate this litigation as to Defendants and to consider whether it ought also be terminated as to the only other defendant.

## II.  BACKGROUND

This case has a lengthy history.  Plaintiffs' original complaint was filed in state court on March 15, 2010, and removed to this court on diversity of citizenship grounds. The original Complaint named the numerous defendants: Chocolaterie Bernard Callebaut Ltd. (hereinafter "CBC"); Chocolates by Bernard Callebaut Ltd.; Bernard C. Chocolates Ltd.; The Chocolate Man; Bernard Callebaut; and Francesca Callebaut.[1] The same defendants were named in the Amended Complaint.[2]  Subsequently, based on Plaintiffs' motion for voluntary dismissal, the court dismissed the claims against defendants Chocolates by Bernard Callebaut Ltd., Bernard C. Chocolates Ltd., and The Chocolate Man,[3] leaving three named defendants: CBC, Bernard Callebaut, and Francesca Callebaut.  CBC is protected by bankruptcy litigation underway in a Canadian court.  As a result, proceedings in the case at bar are stayed as to CBC. Thus, this case has been proceeding solely against Defendants.

Of the five claims pled in the Amended Complaint two, the first and third, are pled solely against CBC.[4]  The second claim is pled against Defendants and alleges that they intentionally interfered with Plaintiffs' attempts to secure two separate prospective contracts with third parties.[5]  The fourth claim for intentional infliction of emotional distress suffered by plaintiff Kuzek alleges that Defendants caused CBC to wrongfully

---

[1]Doc. 1-3 at pp. 7-21.

[2]Doc. 31.

[3]Doc. 41.

[4]Doc. 31 at pp. 5-6 and 8.

[5]*Id.* at pp. 6-8.

refuse to ship chocolate products to Chocolates by Bernard LLC, which allegedly caused Chocolates by Bernard LLC to go out of business, resulting in Kuzek's inability to continue working in the United States.  The fifth claim alleges that Defendants, as well as CBC, are liable for CBC's violation of the covenant of good faith and fair dealing contained in the franchise agreement pursuant to which CBC licensed Chocolates by Bernard to distribute CBC products.

Defendants moved for summary judgment at docket 50.  Despite the fact that the court granted Plaintiffs a liberal extension of time in which to respond, Plaintiffs failed to respond.  Thereafter, in an order at docket 53, the court granted the motion at docket 50.  Plaintiffs moved to vacate the order at docket 53 and to grant them an additional 90 days to respond to the motion at docket 50 on the grounds that the parties had been engaging in settlement negotiations.  In what hindsight suggests may have been an excessive tolerance of delay, the court did vacate the order at docket 53 and granted Plaintiffs an additional 90 days in which to respond to the motion at docket 50.  In an order at docket 57, which hindsight again suggests was too tolerant of delay, the court approved the parties' stipulation by granting Plaintiffs yet another 60 days in which to respond to the motion at docket 50.

More than eight and a half months after the motion was filed, Plaintiffs finally responded.  The same day their response was filed, Plaintiffs filed the pending motion to amend their complaint.  On July 8, 2013, Defendants filed their reply in support of their motion at docket 50, and so at long last the motion was fully briefed.  Treating the motion at docket 50 as one for judgment on the pleadings, the order at docket 69

granted Defendants' motion by dismissing the second, fourth, and fifth claims against

Defendants, which left no claims pending against Defendants.

The court now turns to Plaintiffs' last-gasp effort to maintain an action against

Defendants–the motion to amend at docket 65.

### III.  DISCUSSION

The court issued a planning and scheduling order at docket 26 which set

deadlines for various pre-trial activities.  The order set June 30, 2011, as the deadline

for filing motions to amend the pleadings.  That deadline has never been extended.  In

their motion papers, Plaintiffs did not address the fact that the motion at docket 65 was

filed in violation of the scheduling order.  While Defendants' papers do note the fact that

the motion to amend was untimely, they do not develop that idea with reference to

Rule 16(b).  Instead, both parties' arguments focus on Rule 15 applicable to motions to

amend, but inapplicable to scheduling order alterations.

After a district court has filed a scheduling order setting a deadline for amending

pleadings, the standards of Rule16(b) control.[6]  Rule 16(b)(4) provides that a scheduling

order "may be modified only for good cause and with the judge's consent."  "Unlike Rule

15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to

interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good

cause' standard primarily considers the diligence of the party seeking the amendment."[7]

---

[6]*Johnson v. Mammoth Recreations, Inc.*,  975 F.2d 604, 607-08 (9th Cir. 1992).

[7]*Id.* at 609

When a party seeking relief which would require a modification to a scheduling order is not diligent, the inquiry ends and the relief sought should not be granted.[8] Plaintiffs did not move to amend the scheduling order, nor even include a discussion of the issue in the motion they did file.

Plaintiffs do assert in their papers that the amended complaint is based on new information which they did not discover until February of 2013.  This assertion is of no moment for three reasons.  First, the information referenced has no apparent bearing on any of the claims pled in the proposed amended complaint, and Plaintiffs offer no explanation of how the new information is necessary to the proposed amended complaint nor how it could cure the defects in the existing complaint.  Second, Plaintiffs make no effort to show that they were diligent in seeking the information they did not discover until February of 2013.  Third, Plaintiffs did nothing with this information from February of 2013, until they filed the motion to amend in July of 2013, well over four months later.

Plaintiffs permitted more than eight and a half months to pass between the time Defendants' motion was filed at docket 50 and the filing of Plaintiffs' motion to amend. Even assuming the information obtained in February of 2013 were relevant and Plaintiffs were diligent in seeking to discover it (neither of which is supported by the record), Plaintiffs sat on that information for nearly four months before acting.  The record reflects that the court has been incredibly tolerant of Plaintiffs' delay, but enough

---

[8]*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

is enough.  The motion to amend will be denied because Plaintiffs failed to act with diligence.

The court writes further to note that even if the merits of the motion at docket 65 were considered, it would fail for the reasons in Defendants' response at docket 72. The court finds the reasons given and authorities cited there to be persuasive.

## IV.  CONCLUSION AND FURTHER ORDERS

(1)  For the reasons set forth above, the motion at docket 65 is **DENIED**.

(2)  Because the court finds no just reason for delay in the entry of a judgment that Plaintiffs take nothing from Defendants Bernard Callebaut and Francesca Callebaut, **IT IS ORDERED** that the Clerk shall enter judgment for Defendants Bernard Callebaut and Francesca Callebaut pursuant to Fed. R. Civ. P. 54(b).

(3) Because this case has been pending for years and CBC–the only remaining defendant–is subject to a stay based on proceedings in a Canadian court having jurisdiction over CBC, **IT IS FURTHER ORDERED** that within 14 days from this order, Plaintiffs shall show good cause why their claims against CBC should not be dismissed without prejudice.

DATED this 28th day of August.


_____
                /S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE